UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TIMOTHY R. BABBITT,<br>    Plaintiff,<br><br>    v.<br><br>PEORIA COUNTY JAIL *et al.*,<br>    Defendants. | )<br>)<br>)<br>)  Case No. 25-1381<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, and Motions for Counsel (Docs. 8, 13, 14), to Substitute Defendants (Doc. 16), to Replace Respondents (Doc. 17), a Motion for Status (Doc. 18), and to Modify Defendants (Doc. 19) filed by Plaintiff Timothy R. Babbitt, a detainee at Peoria County Jail ("Jail").

I.  **Complaint**

   **A. Screening Standard**

The court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff names Peoria County Sheriff Chris Watkins, the United States Marshal Service, and the Jail as Defendants.

Plaintiff states that he is a federal detainee at the Jail, where he has been forced to sleep on the floor for months, and has been fed less than a two-thousand-calorie diet. Plaintiff also mentions that he has filed a Prison Rape Elimination Act ("PREA") claim against an official that Plaintiff does not name as a Defendant. Plaintiff also states he has been subjected to mold.

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Conditions of pretrial detention implicate the Due Process Clause when "those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell*, 441 U.S. at 538–39). "Additionally, a . . . condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's [health or] safety." *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999) (internal quotation marks omitted).

Aside from initially naming Defendant Watkins, Plaintiff does not mention Watkins again in his pleading. Regardless of this omission, Plaintiff's facts are sufficient to state a Fourteenth Amendment conditions-of-confinement claim against Watkins for the sleeping arrangements and lack of nutritionally adequate food. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (holding that a plaintiff's allegations of widespread conditions of confinement throughout the Jail may justify the inference that the official had sufficient direct knowledge of and involvement in the alleged violation); *see also* 20 Ill. Admin. Code § 701.110(a)(1) (providing that under the Illinois County Jail Standards, "[f]ood must be of sufficient nutritional value and provide a minimum of 1,800 to 2,000 calories for adults ….")).

To the extent Plaintiff intended to raise a claim under the PREA, that statutory provision does not establish a private cause of action. *See Ross v. Gossett*, 2016 WL 335991,

at *4 (S.D. Ill. Jan. 28, 2016) (The PREA "does not create a private cause of action" but instead "establishes finding of facts, sets forth statistics, recites research, adopts standards, and provides for grant money") (collecting cases); *Krieg v. Steele*, 599 F. App'x. 231 (5th Cir. 2015) (PREA does not create a private cause of action).

Additionally, "[s]ection 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Thus, Plaintiff states no claim against the Jail. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983).

"The Federal Tort Claims Act (FTCA) gives district courts exclusive jurisdiction over claims 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Keller v. United States*, 771 F.3d 1021, 1022 (7th Cir. 2014) (quoting 28 U.S.C. § 1346(b)(1)) (citing 28 U.S.C. § 2674). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment.").

Plaintiff names the United States Marshal Service but fails to provide any facts that employees of that federal agency, acting within the scope of their employment, caused

deprivations that state a claim under the FTCA.

## II. Amendments

Plaintiff's Motions to Substitute Defendants (Doc. 16), to Replace Respondents (Doc. 17), and to Modify Defendants (Doc. 19) are denied.

The Court does not accept piecemeal amendments to pleadings. If Plaintiff seeks to amend his initial complaint, he must file a Motion for Leave to File an Amended Complaint and attach his amended pleading to his motion. Plaintiff's amendment must stand independently without reference to his initial filing, and specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. See Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## III. Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a

district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has satisfied his threshold burden by demonstrating an attempt to find counsel independently. (Pl. Mot. Coun., Doc. 14 at 5-8.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id.* The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id.* "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological

history." *Id*. at 682-83.

The Court concludes recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendant Watkins has been served and filed his answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's Motions for Counsel (Docs. 8, 13, 14) with leave to renew on a more developed record.

With the entry of the Court's Merit Review Order, Plaintiff's Motion for Status (Doc. 18) is moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 8, 13, 14) to Substitute Defendants (Doc. 16), to Replace Respondents (Doc. 17), and to Modify Defendants (Doc. 19) are DENIED.**

2) **Plaintiff's Motion for Status (Doc. 18) is MOOT.**

3) **Based on the merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with his Fourteenth Amendment conditions of confinement claim against Defendant Watkins. Plaintiff's claim against Watkins proceeds in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has**

not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that

**Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED January 26, 2026.

                                                s/ *Colleen R. Lawless*
                                      _____
                                                  COLLEEN R. LAWLESS
                                       UNITED STATES DISTRICT JUDGE